HARRIS, J.,
delivered the opinion of the Court.
The defendant in error recovered a judgment before a justice of the peace for Campbell county, on the 22d of September, 1855. The defendant below appealed to the January Term of the Circuit Court for said county, and entered into bond and security for the prosecution of said appeal.
The papers were not transmitted to the Clerk of the Circuit Court at the January Term, as required by law; but, on the 5th day of May, 1856, during the May Term of the Circuit Court, the papers were filed by the justice with the clerk, and thereupon, on motion of the plaintiff, the appeal was dismissed, upon the ground that it was functus officio, not having been returned to the January Term, to which it was made returnable. To the action of the Court, dismissing the appeal, the defendant excepted, and prosecutes an appeal in error to this Court. The only question presented is, was the appeal properly dismissed ?
By the 2d section of the act of 1809, ch. 63, it was made the duty of the justice to transmit to the Clerk of the Circuit Court all the proceedings had in the cause *79 ■witlim the first two days of the term to which the appeal was returnable; and if the papers should not be so transmitted then, the appellee, upon the production of the papers in the cause, was entitled to judgment, on motion, against the appellant and his securities, for the amount of the debt and the costs. This provision, however, is modified by the act of 1811, ch. 119; the 1st section of which, as did the act of 1809, makes it the duty of the justice to transmit the papers in the cause on the second day of the term to which the appeal was made returnable. But the 2d section provides “ that, if any justice shall return the papers during the term to which the same is made returnable., and the appellant shall fail to appear and prosecute his appeal, provided he shall be defendant in the original suit, the plaintiff shall have judgment final by default for the amount of the judgment by the justice; and the Court, on motion, shall enter judgment against him ■ and his securities for debt and costs; and if the plaintiff shall be appellant, and shall fail to appear within the term, he shall suffer a non pros., and the defendant, on motion, shall have judgment against him and his security for all costs.”
In the case of Humphrey vs. Humphrey, 1 Swan’s Reports, 154, it was held that this section, by implication, repealed the provision of the act of 1809, so far as it authorized the Court to enter judgment by default, on failure of the justice to transmit the papers to the Circuit Court within the first two days of the term to which they were returnable; that it was the duty of the justice so to return them; but if he failed to do so within the first two days, but afterwards did return them during the term, and the appellant then appeared to prosecute his appeal, it was *80 error in the Court to enter judgment by default against him, on motion of the appellee; that it was the fault of the justice, and not the appellant, that the papers were not returned within the first two days of the term, and, therefore, the appellant should then have been permitted to prosecute his appeal. The judgment by default “ shall be rendered for the failure of the appellant to prosecute his appeal, and not for the failure of the justice to return the papers within the first two days of the term.”
It is now insisted for the plaintiff in error that it was the duty of the justice to have brought up the papers to the term to which they were returnable, and that, for his neglect to do so, the appellant was in no default, and that it was an error to dismiss his appeal. To the correctness of this reasoning we cannot assent.
By his appeal, he rendered inoperative the plaintiff’s judgment before the justice; and if he is not bound to prosecute his appeal at the term to which it was returnable, what limit have we within which it shall be prosecuted ?
If he be permitted to avail himself of the appeal at the succeeding term, why not at the second or third, or even a more remote term, and thus delay at pleasure the enforcement of the plaintiff’s judgment ?
Or, should the appeal be entertained at a term subsequent to that to which it is made returnable, what notice has the adverse party that the cause is in Court ? If the cause is not brought up at the term to which it is returnable, will it be contended that the adverse party is bound to attend, from term to term, ad infinitum, to see if the cause will ever appear upon the docket ? We presume that such an absurdity will hardly be insisted on; and yet *81 the consequence must necessarily follow, were we to hold that the party could avail himself of his appeal at a term subsequent to that to which it was made returnable. We have seen that the act of 1809 required the appeal to he transmitted to the Court within the first two days of the term, and the act of 1811 limited it to the term to which it was made returnable; hut there is no law that makes it available at a subsequent term. And, as we think, sound policy stands opposed to it. It was the duty of the appellant to see that his appeal was brought up at the proper time; and if the justice failed to do so, he should have applied to the Court for a certiorari.
We find no error in the record, and affirm, the judgment.